IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. BICKFORD, | No. 2:12-CV-2557-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

      Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 15) and defendant's cross-motion for summary judgment (Doc. 16).

### I. PROCEDURAL HISTORY

      Plaintiff applied for social security benefits on June 9, 2009. In the application, plaintiff claims that disability began on May 8, 2008. Plaintiff claims that disability is caused by a combination of "[h]ernias, hbp [high blood pressure], arthritis, lower back pain, sleep apnea,

stress." Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on January 18, 2011, before Administrative Law Judge ("ALJ") Daniel G. Heely. In a March 3, 2011, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

> 1. The claimant has the following severe impairment(s): status post right wrist and right fracture injury, obesity, high blood pressure, depression, and anxiety;
>
> 2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3. The claimant has the following residual functional capacity: the claimant has the residual functional capacity to perform simple routine tasks with occasional public contact; sit, stand, and walk for six hours out of an eight-hour day with normal breaks; list and carry 20 pounds occasionally and 10 pounds frequently; occasionally push or pull with the right, dominant, upper extremity; never climb ladders, ropes, and scaffolds; could occasionally crawl; could occasionally reach and handle items overhead with the right, dominant, upper extremity; and
>
> 4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on August 14, 2012, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In his motion for summary judgment, plaintiff argues that the ALJ erred by failing to resolve conflicts between vocational expert testimony and the Dictionary of Occupational Titles ("DOT"), in violation of Social Security Ruling 00-4p.  According to plaintiff, under SSR 00-4p the ALJ should have identified conflicts between the vocational expert's testimony and the DOT and then provided reasons for departing from the DOT.

As to the vocational evidence, the ALJ stated:

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be directed to Medical-Vocational Rule 201.25 and Rule 201.19.  However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.  To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.  The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative California occupations such as: assembler small parts (DOT 706.684-022, light, 30,000 jobs); sewing machine operator (DOT 787.685-034, light, 6,000 jobs); and bottle line attendant (DOT 920.687-042, light, 5,000 jobs).

Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

According to plaintiff, the DOT states that each of the three jobs identified by the vocational expert require reaching and handling frequently (1/3 to 2/3 of the time), but the ALJ found that plaintiff could only reach and handle occasionally.  Plaintiff argues that the ALJ erred by failing to address and resolve these conflicts.

As defendant notes, nothing in the DOT descriptions for the three jobs identified by the vocational expert indicates that the jobs require bilateral reaching and handling.  Given that the ALJ's limitation to only occasional reaching and handling applies to right side and not both sides, the court does not see any conflict between the DOT descriptions and the vocational expert's testimony.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment (Doc. 15) is denied;

    2.    Defendant's cross-motion for summary judgment (Doc. 16) is granted; and

    3.    The Clerk of the Court is directed to enter judgment and close this file.

DATED:  March 28, 2014

                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE